IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

    Respondent,

V.                                            CRIMINAL NO. 3:94-00015-01
                                               (CIVIL ACTION NO. 3:06-0021)

CHARLES ALEXANDER HUGHES, SR.,

    Movant.

**FINDINGS AND RECOMMENDATION**

Charles Alexander Hughes, Sr. was convicted, by jury, of conspiring to distribute and possess with intent to distribute cocaine base and distributing a quantity of cocaine base. In May of 1995 he was sentenced to concurrent terms of imprisonment of 324 months and 240 months.[1] Hughes has filed a pleading with the Court which he characterizes as an "[a]pplication for a writ of habeas corpus." He states that he "is ... not ... invoking Title 28 of the United States Code § 2255." The "petition," while lengthy, is based upon the Supreme Court's decisions in Apprendi, Blakely, and Booker which movant asserts apply "retroactively to his case on collateral review."[2]

---

[1] Movant's sentence was reduced by order of the Court entered March 26, 2008 based on the amendment to the guidelines reducing penalties for cocaine base offenses.

[2] The holdings in these cases have not, in fact, been held retroactive in this circuit. United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005).

Inasmuch as "it plainly appears from the face of the motion ... and the prior proceedings in this case that the movant is not entitled to relief,"[3] dismissal without requiring a response from the United States is appropriate.

Movant is questioning the validity of his conviction and sentence, and, as a consequence, 28 U.S.C. § 2255 is the exclusive remedy absent some basis for concluding that § 2255 is "'inadequate or ineffective.'" In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).[4] The fact that relief is barred under § 2255 by the passage of time or by "gatekeeping" requirements does not render it inadequate or ineffective. In re Jones, supra. at 332.[5] Mr. Hughes "petition" must, accordingly, be treated as a motion filed under the provisions of 28 U.S.C. § 2255.

Section 2255 motions are subject to a one-year statute of limitations which generally begins to run on the date a "judgment of conviction becomes final." In this case, movant's conviction became final on January 13, 1997, the date the Supreme Court denied his petition for writ of certiorari. Hughes v. United States, 519 U.S. 1082 (1997).[6] While § 2255 does provide for restarting the limitations period when the Supreme Court has announced a new rule that is "made retroactively

---

[3] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. In this case it is "indisputably clear ... that the petition is untimely and cannot be salvaged ... ." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

[4] Section 2255 has been found inadequate in limited circumstances, not present here. See, In re Jones, supra. at 333-34.

[5] See also, Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W.Va. 2001).

[6] It is, of course, also the case that movant was denied relief in an earlier § 2255 motion and would be required to move in the Court of Appeals for the Fourth Circuit for an order authorizing the district court to consider his present § 2255 motion. 28 U.S.C. § 2244(b)(3)(A). In the absence of a "pre-filing authorization" by the Court of Appeals for the Fourth Circuit, this Court is without jurisdiction to consider a successive motion. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

applicable to cases on collateral review,"[7] Apprendi, Blakely and Booker have not, as has been seen, been applied retroactively. In light of that fact, there is no basis for concluding that the one-year period of limitation began to run any later than January 13, 1997. Mr. Hughes motion is, as a consequence, barred by § 2255's statute of limitations.

### RECOMMENDATION

It being apparent that the motion filed by Charles Alexander Hughes, Sr., is untimely by reason of the applicable statute of limitation, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this § 2255 proceeding be denied.

Movant and Respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing § 2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment

---

[7]Clearly, none of the other triggering events – an "impediment ... created by governmental action" or newly discovery facts – are present in this case. Nor is there any basis for applying the doctrine of equitable tolling. See, Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this magistrate judge.

    The Clerk is directed to file these Findings and Recommendation and to transmit a copy of the same to movant and the United States Attorney.

    DATED: October 2, 2009

*[signature]*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE